**Brooke A. SCHOEN, a Minor, By and Through Billy and Darla SCHOEN, Her Parents and Next Friends, Plaintiff,**

v.

**SPOTLIGHT CO., INC., and Wal-Mart Stores, Inc., Defendant.**

**Civil Action No. 96–2384–GTV.**

United States District Court,
D. Kansas.

Sept. 18, 1997.

Brett A. Reber, David N. Harger, Bremyer & Wise, P.A., McPherson, KS, Mary E. Clune, White, Allinder & Graham, L.L.C., Independence, MO, Douglas R. Dalgleish, Thomas S. Stewart, Brian J. Madden, Lathrop & Gage L.C., Kansas City, MO, for Billy Schoen, Brooke A. Schoen, Darla Schoen.

Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Spotlight Co., Inc.

Eric T. Swanson, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, Nancy S. Anstaett, Rowe & Anstaett, L.L.C., Overland Park, KS, R. Alexander

Pryor, Kansas City, MO, for Wal–Mart Stores, Inc.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this diversity action, alleging that she suffered severe burns after the nightgown that her father had purchased from Wal–Mart burst in to flames. Plaintiff claims that defendants defectively designed the nightgown by not treating the nightgown with a flame-retardant substance and failed to properly warn that the nightgown was not flame-retardant or was only intended for use by adults. This matter is before the court on the following:

(1) Motion for summary judgment (Doc. 50) by defendant Wal–Mart Stores, Inc. pursuant to Fed. R. Civ. Pro. 56(b).

(2) Motion for summary judgment (Doc. 52) by defendant Spotlight Co., Inc. pursuant to Fed. R. Civ. Pro. 56(b).

Both defendants seek summary judgment on all claims. Defendants advance essentially the same arguments in support of their motions.[1] The court will address the motions collectively. For the reasons set forth below, the motions are denied.

### I. Factual Background

The following facts are either uncontroverted or are based on evidence submitted in summary judgment papers viewed in a light most favorable to the plaintiff. Immaterial facts and facts not properly supported by the record are omitted.

On January 5, 1995, plaintiff suffered severe burns when the nightgown she was wearing ignited while she stood near a fireplace. Plaintiff was eleven-years-old at the time. Plaintiff's father had purchased the nightgown for her at the Wal–Mart store in McPherson, Kansas in December 1994. On the day of purchase, Wal–Mart had displayed the nightgown near the "Intimate" and "Girls" sections of the store. The two sections blend together with no lines of demarcation. There were no warnings in the store

regarding the flammability of the nightgown or limiting its use to adults.

Wal–Mart originally purchased the nightgown from the designer/manufacturer, Spotlight. The nightgown was 100% cotton flannel and its labels read, in pertinent part, "Nightgear Sleepwear" and "Size Small." Plaintiff's father read the label of the nightgown on the day of purchase. There were no warnings on the nightgown labels regarding flammability or limiting use to adults. Wal–Mart directed Spotlight to insert the Nightgear label in the nightgown. Spotlight manufactured the care label with Wal–Mart's review and approval.

The design of the nightgown specified a bust size of 44 inches, but the actual nightgown's bust size was 44 1/2 inches. Spotlight designed the nightgown with 10–12 inches of ease at the bust. Spotlight tested the nightgown's fabric, which complied with the adult clothing standards under 16 C.F.R. § 1610.1 (1997). Wal–Mart also tested fabric samples and both complied with the adult clothing standards. Neither Spotlight nor Wal–Mart, however, tested the nightgown fabric for compliance with the children's sleepwear flammability standards under 16 C.F.R. § 1616.1 (1997). The nightgown did not comply with the children's sleepwear flammability standards.

Additional facts will be provided as necessary.

### II. Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a

---

1. The court has considered the arguments advanced by defendants in their reply briefs despite their untimely filing. The court admonishes defendants, however, to file their future reply briefs in compliance with D. Kan. Rule 7.1(b).

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

### III.  Discussion

■ Plaintiff brings three claims under the Kansas Products Liability Act, K.S.A. 60–3301 *et seq.* and one claim under the Kansas Consumer Protection Act, K.S.A. 50–623 *et seq.* In Kansas, varying theories of product liability must be merged into one "product liability claim." *Patton v. Hutchinson Wil–Rich Mfg. Co.,* 253 Kan. 741, 861 P.2d 1299, 1311 (1993). Thus, the court will consider all of the product liability claims together. Essentially, plaintiff claims that her nightgown was defective and that defendants failed to warn her of the defect.

Defendants respond that the nightgown was non-defective as a matter of law under K.S.A. 60–3304. Defendants also argue that K.S.A. 60–3304 and 60–3305 relieved them of any duty to warn. Additionally, Wal–Mart contends that it meets the retailer exception under K.S.A. 60–3306. Defendants also argue that, because they have no duty to warn,

they cannot be liable of a deceptive omission under the Consumer Protection Act.

### A.  Defectiveness of the nightgown

K.S.A. 60–3304(a) provides, in pertinent part:

> When the injury-causing aspect of the product was, at the time of manufacture, in compliance with legislative regulatory standards or administrative regulatory safety standards relating to design or performance, the product shall be deemed not defective by reason of design or performance, or, if the standard addressed warnings or instructions, the product shall be deemed not defective by reason of warnings or instructions, unless the claimant proves by a preponderance of the evidence that a reasonably prudent product seller could and would have taken additional precautions.

*Id.* Defendants argue that, because the nightgown complied with the adult clothing flammability standards under 16 C.F.R. § 1610, the court must find the nightgown non-defective as a matter of law. Defendants' argument fails for two reasons. First, there is a genuine issue of material fact whether the adult clothing standards under 16 C.F.R. § 1610 are applicable here. Second, even if the adult standards do apply, there is a genuine issue of material fact whether a reasonably prudent product seller could and would have taken additional precautions.

#### 1.  Applicable standard

■ Pursuant to the federal Flammable Fabrics Act, 15 U.S.C. § 1191 *et seq.,* the Commerce Department has promulgated general flammability standards for clothing textiles. *See* 16 C.F.R. § 1610. If applicable, compliance with the general standards creates a rebuttable presumption of non-defectiveness under K.S.A. 60–3304. *See Miller v. Lee Apparel Co.,* 19 Kan.App.2d 1015, 881 P.2d 576, 585 (1994). It is uncontroverted that plaintiff's nightgown complied with the standards set forth in 16 C.F.R. § 1610. The Commerce Department also promulgated specific standards that apply to children's sleepwear. *See* 16 C.F.R. §§ 1615 and 1616.

If the children's sleepwear standards apply to the nightgown, the general standards set forth in 16 C.F.R. § 1610 are superseded. *See* 16 C.F.R. § 1616.1(e). It is uncontroverted that plaintiff's nightgown did not comply with the children's sleepwear standards.

■ Part 1616 specifically applies to "children's sleepwear, sizes 7 through 14." 16 C.F.R. § 1616.1(a). "Sizes 7 through 14" means "the sizes defined as 7 through 14 in Department of Commerce Voluntary Product Standards PS 54–72 ..." 16 C.F.R. § 1616.2(b). Section 1616.2(b) indicates that the size designation on the label is not dispositive; the actual size of the nightgown controls whether the standards apply. Thus, manufacturers and retailers cannot avoid compliance with the children's sleepwear standards simply by sizing their product "S", "M", and "L", instead of "7" through "14".

The Department of Commerce Voluntary Product Standard PS 54–72 provides the actual measurements that correspond to sizes that the bust size is the key factor. In this case, Spotlight designed the nightgown to have a bust size of 44 inches[2] with 10–12 inches of ease. Thus, defendants intended the nightgown to fit a bust of 32–34 inches. Under Voluntary Product Standard PS 54–72, a girl's size 12 1/2 has a bust of 32 1/2 inches and a size 14 1/2 has a bust of 34 inches. Accordingly, the actual size of the nightgown is equivalent to a girl's size 12 1/2 to 14 1/2.

Spotlight disingenuously argues that the 1/2 designation eliminates the applicability of the children's sleepwear standards because § 1616 only applies to sizes 7 through 14. PS 54–72, however, indicates that girls' sizes are divided into three categories, slims (designated by an "S"), regulars (designated by an "R"), and chubbies (designated by a "1/2"). For example, the 12 1/2 symbol designates that the size is girl's size 12 chubby. Thus, the 12 1/2 and 14 1/2 sizes are within the definition of children's sleepwear in § 1616.2(b). The court finds that the evidence of the applicability of the children's sleepwear standards is sufficient to create a genuine issue of material fact.

*2. Reasonably prudent product seller*

■ Even if the general standards of 16 C.F.R. § 1610 apply to the nightgown, plaintiff may rebut the presumption of non-defectiveness by proving "that a reasonably prudent product seller could and would have taken additional precautions." K.S.A. 60–3304(a). The term "product seller" includes the retailer and the manufacturer. *See* K.S.A. 60–3302(a). A plaintiff does not create a jury question merely by offering evidence that alternative safer options are available. *Miller,* 881 P.2d at 585.

In *Miller,* the court held that the plaintiff failed to rebut the presumption of non-defectiveness. *See id.* at 586. The case involved an adult garment that complied with the flammability standards of 16 C.F.R. § 1610. *See id.* at 585. The plaintiff offered expert testimony regarding safer alternative designs, but "there was absolutely no testimony presented by [any expert] that a reasonably prudent manufacturer could and would have taken additional precautions by incorporating any of those safer alternatives into the manufacture of the coveralls in question." *Id.* at 586.

■ The case at bar is readily distinguishable. Here, plaintiff's expert indicated that § 1610's standards are not the industry standard and that no reasonable manufacturer or seller would rely on § 1610 as a standard for sleepwear safety. Plaintiff's expert also indicated that nonflammable or flame retardant garments and other fabric of reduced fire danger have been available to manufacturers and retailers for decades. The court finds that plaintiff has provided evidence sufficient to resist a motion for summary judgment. There is a genuine issue of material fact whether a reasonably prudent product seller could and would take additional precautions. Summary judgment, therefore, must be denied on this issue.

*B. Adequacy of Warnings*

Defendants argue that because 16 C.F.R. § 1610 does not require a warning, they have

---

2. Even the nightgown's actual bust, 44½ inches, was sufficient evidence to show that the nightgown is within the parameters of the children's sleepwear because the bust of the person would be 32½–34½ inches, which corresponds with a girl's size 12½ to 14½.

complied with all applicable regulatory standards and the court should find that their failure to warn was not a defect as a matter of law under K.S.A. 60–3304. Defendants also argue that because the defect in the nightgown was open and obvious, the court should find that K.S.A. 60–3305 obviates any duty to warn of the defect.

### 1. K.S.A. 60–3304

K.S.A. 60–3304(a), previously quoted, applies to plaintiff's failure to warn claim. This statute, however, does not vitiate defendants' duty to warn of any defects. First, as stated earlier, there is a genuine issue of material fact as to whether the children's sleepwear standards apply in this case. If applicable, the children's sleepwear standards supersede the general standards of 16 C.F.R. § 1610. See 16 C.F.R. 1616.1(e).

■ Section 1616.65(d) provides standards for adequately warning consumers that products do not comply with the children's sleepwear flammability standards. The regulations advise retailers to segregate the noncomplying products from the complying products and to use signs to indicate the locations of the products. Viewed in a light most favorable to plaintiff, the evidence indicates that Wal–Mart placed noncomplying and complying sleepwear in the same general store area and did not erect signs clearly distinguishing between adult and children's sleepwear.

■ Even if the § 1616.65(d) standards are inapplicable,[3] however, compliance with § 1610 does not give rise to a presumption that the failure to warn was not defective. K.S.A. 60–3304 only gives rise to such a presumption if "the standard addressed warnings or instructions." Because § 1610 does not address warnings, no presumption arises with respect to plaintiff's failure to warn claim.

■ In a products liability failure to warn claim, the standard for liability is whether the failure to warn was " 'reasonable under the circumstances.' " Miller, 881 P.2d at 587 (quoting Richter v. Limax Int'l, Inc., 822 F.Supp. 1519, 1521 (D.Kan.1993), rev'd on

other grounds, 45 F.3d 1464 (10th Cir.1995)); see also Duffee v. Murray Ohio Mfg. Co., 879 F.Supp. 1078, 1081 (D.Kan.1995), aff'd, 91 F.3d 1410 (10th Cir.1996). Here, plaintiff's expert indicated several warnings that had been placed on other garments not complying with the children's sleepwear standards. Wal–Mart's own experienced employee's testimony also indicated the high level of difficulty involved in determining, by the naked eye, whether a sleepwear garment is made for an adult or a child. Wal–Mart's prior warning program further underscores the reasonableness of requiring a warning regarding the flammability of the nightgown. In sum, the court finds that there is sufficient evidence to create a genuine issue of material fact whether the failure to warn was reasonable.

### 2. K.S.A. 60–3305

K.S.A. 60–3305 provides that the duty to warn shall not extend to "dangers, hazards or risks which are patent, open or obvious and which should have been realized by a reasonable user or consumer of the product." Defendants argue that because the danger of flammability was open and obvious, the defendants cannot be held liable for any failure to warn of the danger. Defendants' argument essentially relies on the statement in Miller, that, "[i]t is obvious that when clothes are exposed to a flame, . . . the garment may catch on fire." 881 P.2d at 588. Although the statement is unquestionably true, it is inapplicable to the instant action.

■ In Miller, the alleged defect was the general flammability risk of the fabric used in an adult garment. See id. Here, however, the alleged danger is that the nightgown does not comply with the children's sleepwear flammability standards. Thus, the crucial issue focuses on the nightgown's flammability relative to that required of other garments for children. Plaintiff's father testified that he was unable to discern that the nightgown was an adult garment not in compliance with the children's sleepwear standards. Wal–Mart's own experienced

---

3. Section 1616.65(d) apparently does not require a warning from the manufacturer. The standard, therefore, is inapplicable to Spotlight even if the children's sleepwear standards apply in this case.

employee also was unable to distinguish between an adult's and a child's nightgown. The court finds that there is a genuine issue of material fact whether the nightgown was openly and obviously an adult garment so that any reasonable person should have known that it did not comply with the children's sleepwear standards.

### C. Retailer Defense

Wal–Mart argues that it is protected from liability under the retailer defense. K.S.A. 60–3306 exempts a seller from liability if:

(a) Such seller had no knowledge of the defect;

(b) such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care;

(c) the seller was not a manufacturer of the defective product or product component;

(d) the manufacturer of the defective product or product component is subject to service of process either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and

(e) any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.

*Id.* The court finds that there is a genuine issue of material fact as to at least two of the elements required.

#### 1. Knowledge of the defect

■ Wal–Mart fails to show that it had no knowledge of the defect. Plaintiff offers evidence that Wal–Mart previously instituted a warning program to warn consumers that garments did not comply with the children's sleepwear flammability standards because Wal–Mart knew that it was unclear whether some garments were adult or child. The court finds that Wal–Mart's prior actions are sufficient to create a genuine issue of material fact as to Wal–Mart's knowledge of the defect.

#### 2. Reasonable discovery of the defect

Wal–Mart also fails to show that it could not have reasonably discovered the defect.

In *Alvarado v. J.C. Penney Co.,* 713 F.Supp. 1389, 1393 (D.Kan.1989), the court denied summary judgment under K.S.A. 60–3306(b) because the plaintiff showed that the defendant had a testing laboratory where it periodically tested fabrics for flammability, the plaintiff's expert testified that the fabric was defective, and the defendant failed to show compliance with the applicable flammability standard. *See id.* Here, Wal–Mart had a testing facility where it tested fabrics. In fact, Wal–Mart specifically tested the fabrics at issue for compliance with 16 C.F.R. § 1610. Plaintiff's expert also stated in his affidavit that the nightgown was defective. Finally, it is uncontroverted that the fabric did not comply with 16 C.F.R. § 1616. Such evidence is sufficient to create a genuine issue of material fact as to whether Wal–Mart could have reasonably discovered the defect.

### D. Consumer Protection Claim

Defendants argue that they cannot be liable for deceptive omission because they had no duty to warn the plaintiff. The court has already found that there is a genuine issue of material fact as to whether defendants had a duty to warn. Therefore, this argument is also rejected.

IT IS, THEREFORE, BY THE COURT ORDERED that Wal–Mart Stores, Inc.'s motion for summary judgment (Doc. 50) is denied.

IT IS FURTHER ORDERED that Spotlight Co., Inc.'s motion for summary judgment (Doc. 52) is denied.

**IT IS SO ORDERED.**